**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHAWN CARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWANSON HEALTH PRODUCTS, INCORPORATED<br><br>Defendant. | : | Case No. 6:25-cv-1298 |

## CLASS ACTION COMPLAINT

Plaintiff Shawn Card, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. "A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer,* 925 F.3d at 649-50.

3. Swanson Health Products, Incorporated ("Swanson Health Products" or "Defendant") made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

4. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by placing unsolicited calls to residential numbers on the National Do Not Call Registry.

## PARTIES

5. Plaintiff Shawn Card is an individual who resides in this District.

6. Defendant Swanson Health Products is a North Dakota corporation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Defendant Swanson Health Products because it sent calls into this District, including as part of its efforts to obtain customers in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) a substantial part of the events or omissions giving rise to the claim occurred here, including Defendant's transmission of the calls to Plaintiff within this District.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA prohibits telemarketing calls to residential subscribers before 8 a.m. or after 9 p.m., local time, and to residential subscribers whose phone numbers are registered on the National Do Not Call Registry, without prior express invitation or permission, and makes such claims actionable after more than one call in a 12-month period. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15. Swanson Health Products is a company that markets and sells health products to consumers.

16. Plaintiff Shawn Card is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff owns and uses a cellular telephone number, (XXX) 516-XXXX.

18. The Plaintiff was located in this District when he received all of the text messages at issue.

19. Plaintiff uses this telephone number for personal, residential, and household purposes.

20. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

21. Plaintiff personally listed his telephone number on the National Do-Not-Call Registry on September 10, 2025.

22. Plaintiff has never been a customer of Defendant and never consented to receive telemarketing text messages from Defendant.

23. Despite this, Defendant sent repeated telemarketing text messages to Plaintiff's cellular telephone number from short code 45276.

24. Plaintiff received at least 12 telemarketing text messages from Defendant on November 16, 2025; November 17, 2025; November 19, 2025; November 21, 2025; November 23, 2025; November 24, 2025; November 26, 2025; November 27, 2025; November 28, 2025; November 29, 2025; November 30, 2025; December 1, 2025; December 2, 2025; December 3, 2025; and December 5, 2025.

25. Some of the texts are below







26. The text messages advertised and promoted Defendant's health products and constituted telemarketing.

27. Plaintiff did not provide prior express consent to receive these text messages.

28. The text messages were unwanted and nonconsensual.

29. Plaintiff and other recipients of Defendant's text messages suffered an invasion of privacy and were harassed by Defendant's repeated telemarketing conduct.

## CLASS ACTION ALLEGATIONS

30. Plaintiff seeks certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase Swanson Products goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Nichols anticipates the need to amend the Class definitions following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA; and

(b) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiff. The Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))**
**(On Behalf of Plaintiff and the National Do Not Call Class)**

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

37. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

38. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation text messages and/or telemarketing text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of her or her telephone numbers on the National Do Not Call Registry.

39. These violations were willful or knowing.

40. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

41. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the National DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227;

E. Injunctive relief for Plaintiff and members of the Class, as described herein;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial.

DATED this 30th day of December, 2025.

Respectfully submitted,

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.

*s/ Elisabeth M. Wilder*

Greg A. Drumright, #20743
Elisabeth M. Wilder, #30081
645 E. Douglas, Suite 100
Wichita, KS 67202
Telephone (316) 265-9311
Facsimile (316) 265-2955
gadrumright@martinpringle.com
emwilder@martinpringle.com
*Attorneys for Plaintiff*